[S. F. No. 2840.   Department One.—January 18, 1904.]

## MATHILDE MEETZ, Executrix, etc., Appellant, v. TILLIE MOHR et al., Respondents.

TRUST-DEED—SALE TO PAY INDEBTEDNESS SECURED—INJUNCTION—DISSOLUTION.—An injunction to restrain a sale under a trust-deed to pay the indebtedness secured thereby was properly dissolved where it appeared by the plaintiff's own showing that the sale would not be made if he should pay the amount secured; and by the defendants' showing that no tender of any sum of money was ever made in payment or satisfaction of the indebtedness, and that plaintiff did not accept an offer of the creditor secured to receive a specific sum in full payment of his claim, except on account of his liability as an indorser of other notes of the plaintiff, which were secured by the deed of trust, and to discontinue the sale on payment of said sum, no part of which was ever paid.

ID.—EQUITY NOT DONE BY PLAINTIFF.—He who seeks equity must do equity; and where equity was not done before bringing the action and obtaining the injunction, nor when an opportunity was offered upon the hearing of the motion to dissolve the injunction, the order dissolving it was right and proper.

ID.—RIGHT OF SALE FOR MONEY DUE—LIABILITY AS INDORSER OF NOTES.
—The trustees under a deed of trust securing money advanced, and
also a liability of the creditors as indorser for the grantor of the
trust, had a right of sale for moneys due and unpaid to the cred-
itors, and were not compelled to wait until the notes of plaintiff
which he indorsed were all paid by the makers or by the creditors,
before he could realize on the security held for the money actually
advanced.

ID.—AMENDED COMPLAINT NOT FILED—COUNTER-AFFIDAVIT.—An amend-
ed complaint not allowed to be filed cannot be considered as any
part of the showing on which the temporary injunction was granted,
and can only be considered in the light of a counter-affidavit on
the motion to dissolve the injunction.

ID.—SUFFICIENCY OF ADVERTISING—POSTPONEMENT OF SALE UPON RE-
QUEST BEFORE SUIT.—Where the deed of trust provided that the ad-
vertisement of sale should be made twice a week in some newspaper
published in the city and county of San Francisco at least twice
a week for three weeks, and the advertisement was claimed in the
amended complaint to be insufficient because published in a paper
not devoted to general news and of small circulation, such objection
is not tenable where it appears that the sale was twice postponed at
plaintiff's request, and was advertised twice a week for the period
of eight weeks prior to the issuance of the injunction.

ID.—DEMAND—PLEADING—SUFFICIENCY OF ANSWER.—Where the answer
alleges a demand, and also alleges that the defendants have duly
performed all the requirements of the deed of trust and agreement
on their part to be performed as a condition precedent to the sale
of the land, the answer is not objectionable on the ground that it
does not allege a demand in writing.

APPEAL from an order of the Superior Court of the City
and County of San Francisco dissolving an injunction. J. M.
Seawell, Judge.

The facts are stated in the opinion of the court.

T. M. Osmont, for Appellant.

Mullany, Grant & Cushing, for Respondents.

VAN DYKE, J.—Following the complaint in this case, tem-
porary injunction was issued, and the defendants thereafter,
upon notice and supported by affidavit and answer to the
complaint, moved the court to dissolve the same, which was
granted, and the appeal is taken from such order dissolving
the injunction.

The complaint stated substantially the following facts: That plaintiff's testator, Theodor Meetz, on the twelfth day of February, 1897, made and delivered to defendant, M. J. Rudolph Mohr, a promissory note for sixteen hundred dollars, and at the same time conveyed to Emil Mohr, as trustee, a deed of certain real estate in Kern County, also transferred to said Emil Mohr certain personal property, all as security for the payment of the said sixteen hundred dollars, and also to secure said Rudolph against any liability that might arise against him out of the indorsement of certain promissory notes for said Meetz, and any indebtedness that might be due to said Rudolph on open account. It was provided that in the case of default in the payment of said indebtedness the trustee should proceed to sell said property, and out of the proceeds of said sale discharge said indebtedness and render the surplus to said Theodor Meetz, and it was also provided that upon the payment of said indebtedness or the release of said Rudolph from the said indorsement upon said notes all the property referred to in said deed of trust and agreement should be reconveyed by the trustee to said Theodor Meetz. Thereafter, and prior to the commencement of the action, it was averred that Theodor Meetz died testate in the county of Alameda, the place of his residence, and that by his will plaintiff was named as executrix, and thereafter the will was duly probated, and she was appointed as such executrix of the will. It is further averred that the defendants Tillie Mohr and William F. Hoelscher, trustees, have advertised for sale said lands for payment of the indebtedness alleged to be due and owing from said Theodor Meetz to the defendant Rudolph Mohr, which is claimed by said Rudolph to be the sum of twelve thousand dollars, being the full amount of all the promissory notes mentioned, those that he had indorsed as well as the notes payable to him, but that, as plaintiff is informed and believes, the said estate is not indebted to said Rudolph Mohr in the sum of twelve thousand dollars, or in any sum in excess of two thousand dollars on said notes, exclusive of interest, and that the entire indebtedness now due or owing from said estate to said Rudolph does not exceed the sum of six thousand dollars, and that the said Rudolph never paid any of said notes which he indorsed, except a note

of one thousand dollars to M. Kane, and that whether he is liable for the payment of the remainder of said notes the plaintiff is not advised and is unable to state. It is also alleged that the defendants, as trustees, have advertised for sale at the same time certain certificates of capital stock of the Bayerque Land Company, a corporation,—to wit, six shares of the capital stock of the corporation. It is further averred that plaintiff is ignorant as to whether the first trustee, Emil Mohr, ever conveyed the property to the defendants Tillie Mohr and William F. Hoelscher, but is informed and believes that said defendants Tillie Mohr and Hoelscher claim the said conveyance has been made, and that they are the successors in trust of the said Emil Mohr. It is further averred that in February, 1900, the plaintiff tendered to Rudolph Mohr the sum of seven thousand dollars towards the payment and satisfaction of said indebtedness of the estate of Meetz, deceased, promising to pay the balance of said indebtedness later; that said sum so tendered was more than sufficient to pay and discharge all of said indebtedness, but that said Rudolph did not accept said money, but he assured plaintiff that he would take the matter into consideration, claiming that the entire amount of twelve thousand dollars was then due and owing, as aforesaid. It is further averred that the defendant trustees intend to proceed with the sale of said property, unless restrained by order of court, and the title of the plaintiff to said estate will be clouded, embarrassed, and prejudiced.

On the hearing of the motion dissolving the injunction it was shown by the answer of defendants and their affidavits that no tender of any sum of money whatever was ever made to said Rudolph in payment or satisfaction of the indebtedness mentioned in the complaint; that personal property pledged to secure said indebtedness was sold by the defendants before the issuance of the injunction; that the same was purchased by said Rudolph for twenty-five hundred dollars, which sum, together with certain earnings of the stock, was credited by him to said estate, leaving a balance due from said estate of $3,759.75; that said Rudolph was willing to receive said sum in full payment of his claim, except his liability as indorser of said notes, and to continue to hold

said deed of trust and the property thereby conveyed as the security to protect him against any liability on said notes indorsed by him, and not sell said property. Further, at said hearing of the motion said Rudolph offered to accept said sum of $3,759.75 in full payment of his claim, except on account of his liability as indorser of said other notes, and to discontinue the sale and publication of notice of sale of said land and premises, but plaintiff did not accept said offer, and did not pay said sum or any part thereof. Thereupon plaintiff moved to amend her complaint. The material averments in said amended complaint being, that defendant Tillie Mohr was, and still is, the wife of the co-defendant, M. J. Rudolph, and that said Rudolph claims a right under said deed of trust to appoint new trustees in place of said Emil Mohr, and, claiming such power, selected his wife, the said Tillie Mohr, together with the defendant William F. Hoelscher, to act as trustees, and it is averred upon information and belief that said Hoelscher was formerly a clerk or bookkeeper of said Rudolph Mohr, and that neither of said trustees have pecuniary means sufficient to respond to plaintiff for the proceeds of said trust property. It is further averred in said amendment to the complaint that by the deed of trust it is provided that the advertisement of sale of said property shall be made at least twice a week for three weeks in some newspaper published in the city and county of San Francisco, whereas the publication and notice in this case was made in a newspaper known as the Journal of Commerce, published in said city and county, and that said Journal of Commerce is not a paper devoted to general news, and does not circulate among people generally, but that it is devoted to special subjects, and circulates among a comparatively small class of people only. The court denied the plaintiff's application to file the amendment to the complaint, and it can therefore only be considered in the light of a counter-affidavit, and not as a part of the showing on which the temporary injunction was granted.

It was claimed on the part of the appellant that it would be improper for the trustees to sell the land and hold the proceeds to protect Rudolph from his liability as indorser; but it is shown by the answer and affidavits that the defendants

propose to sell the property only for the purpose of paying the amount due to Rudolph under said deed of trust, with the proper costs and expenses of sale, and that they did not propose to sell said land, or any part thereof, for the purpose of paying to said Rudolph any amount for which he is liable by reason of his indorsement on said notes, save and except such amount as he had already paid at the time of the sale. It is conceded that the deed of trust was given as security, not only for the note of Meetz, but also for the repayment of moneys advanced by Rudolph, and to protect him from liability as indorser of Meetz's notes. Rudolph was not required, as contended by appellants, to wait until the notes he had indorsed were all paid by the makers or by himself before he could realize on the security he held for the money actually advanced by him. It is also contended that it was not shown that the defendant trustees were properly substituted in place of Emil Mohr, the original trustee. The complaint on which the temporary injunction was issued described the defendants Tillie Mohr and Hoelscher as trustees, and the answer alleges the substitution of trustees, showing that such substitution was made pursuant to the terms of the deed of trust.

The alleged insufficiency of the advertising is first mentioned in the amendment which the court refused to have filed. No question of that kind was raised in the complaint on which the temporary injunction was granted, and it appeared on the showing on behalf of the defendants at the hearing of the motion to dissolve the injunction that they not only postponed the sale twice at the request of the appellant after they began to advertise it, but advertised the sale twice a week for a period of eight weeks, instead of three weeks, prior to the issuance of the injunction.

Appellant suggests that defendants have no right to sell, because the answer does not allege a demand in writing, but the answer does allege a demand, and also alleges that the defendants have duly performed all the requirements of said deed of trust and said agreement on their part to be performed as a condition precedent to the sale of the land, and this is sufficient. (Code Civ. Proc., sec. 457; *Bradford Investment Co.* v. *Joost,* 117 Cal. 204.)

The plaintiff did not make any tender nor meet defendant's offer to accept a part of the amount claimed to be due, as already stated. Under these circumstances the court was clearly right in dissolving the injunction. "A sale under a trust-deed will not be enjoined when it appears by complainant's own showing that no sale would be made if he should pay what he admits to be due and what he avers his ability and willingness to pay." (High on Injunctions, sec. 452.)

From the showing made in the court below it clearly appears that all appellant had to do to prevent the threatened sale was to pay the testator's debt, then overdue, to the defendant Rudolph Mohr, and which sale, in case of non-payment, was authorized by the deed of trust. There is no claim on the part of appellant that she has been prejudiced by the substitution of trustees or on account of the sale not having been otherwise advertised.

One who seeks equity must do equity, and the plaintiff in this case did not do so before bringing the action, and further failed and refused to do equity when an opportunity was offered at the hearing of the motion. The order of the court below, therefore, dissolving the injunction, under the circumstances, was right and proper.

Order affirmed.

Angellotti, J., and Shaw, J., concurred.