[S. F. No. 4029. Department Two.—January 10, 1907.]

## DAVID JACKS, Respondent, v. CHARLES J. DEERING, Administrator, etc., Appellant.

FORECLOSURE OF MORTGAGE—MENTAL INCAPACITY OF MORTGAGOR—FINDINGS—RESCISSION NECESSARY.—In an action to foreclose a mortgage where the court expressly finds that when the note and mortgage were executed the mortgagor was of unsound mind but not entirely without understanding, nor had her incapacity been judicially determined, the findings show a case where rescission is necessary under the terms of section 39 of the Civil Code.

ID.—DECISION UPON FORMER APPEAL — INFERENCES FROM DIFFERENT FINDINGS—VOID CONTRACT—LAW OF CASE INAPPLICABLE.—A decision on a former appeal based upon inferences from different findings, that it was intended to find a case of general mental incapacity, entirely without understanding, making the mortgage a void contract within section 38 of the Civil Code, is not the law of the case upon the present appeal, based upon express findings to the contrary of such inferences.

ID.—HARMONY OF FINDINGS REQUIRING RESCISSION—CONJUNCTIVE FINDING.—A conjunctive finding that the mortgagor did not have sufficient mental capacity to understand "the nature, purpose, and effect of the transaction," is consistent with the finding that she was not entirely without understanding when the note and mortgage were executed. It is consistent with a partial or full understanding of its nature and purpose, and with an imperfect understanding of the nature, purpose, and effect. The case, therefore, clearly falls within section 39 of the Civil Code, requiring a rescission.

ID.—FINDING AGAINST RESCISSION—GOOD FAITH OF MORTGAGEE—AFFIRMANCE OF FORECLOSURE.—Where the court found that no rescission was ever effected or attempted, though the attorney for the mortgagor, who became her administrator, had full knowledge of the transaction; and where it clearly appears that the mortgagee parted with full value for the mortgage in good faith, and in ignorance of the mortgagor's condition, and that it was represented to him that she was fully capable of transacting business,—a judgment foreclosing the mortgage will be affirmed.

APPEAL from a judgment of the Superior Court of Santa Clara County. A. L. Rhodes, Judge.

The facts are stated in the opinion rendered upon the former appeal, 139 Cal. 507, and in the opinion of the court upon the present appeal.

Jackson Hatch, and James H. Deering, for Appellant.

Bishop, Wheeler & Hoefler, Bishop & Hoefler, and William Rix, for Respondent.

HENSHAW, J.—This is the second appeal. The first appeal will be found reported in *Jacks* v. *Estee,* 139 Cal. 507, [73 Pac. 247], Mr. Estee having died, and Mr. Deering having been substituted as administrator in his place.

Some of the facts are set forth in the opinion above cited. Others will be noticed as may be necessary. Section 38 of the Civil Code provides: "A person *entirely without under-*

CL Cal.—18

*standing* has no power to make a contract of any kind, but he is liable for the reasonable value of things furnished to him necessary for his support or for the support of his family.'' Section 39 of the same code provides: "A conveyance or other contract of a person of unsound mind, *but not entirely without understanding*, made before his incapacity has been judicially determined, is subject to rescission as provided in the chapter on rescission of this code.''

Upon the trial of the case the judge made the following finding touching the mortgagor's mental soundness: "That Maria T. Divine, on June 1, 1896, the time when she executed the promissory note and mortgage to the defendant, was over the age of eighty-five years; that she was then, and for several years prior thereto had been, physically very infirm; that at the time of the execution of the promissory note and mortgage her mental capacity had become greatly impaired, such impairment having commenced and continued several years prior to that time; that she was then a person of unsound mind, *but was not entirely without understanding*, nor had her incapacity been judicially determined; that at the time of her execution of the said promissory note and mortgage *she did not have sufficient mental capacity to understand the nature, purpose and effect of the transaction* in which she was engaged, or of the promissory note and mortgage; that from that time until her death the impairment of her physical and mental capacities continuously increased.''

The court also found:

"That Maria T. Divine lived for about two years after the execution and delivery by her of the said note and mortgage; and that she did not at any time after the execution and delivery of said note and mortgage, exercise, or attempt to exercise, the right of rescinding said note or mortgage.

"That within a few days after the date of the note and mortgage, Morris M. Estee was informed of the fact that said note and mortgage had been executed and delivered by Maria T. Divine to plaintiff, and at such time he also knew the mental condition of Maria T. Divine; and at the time of his appointment as administrator, he well knew the fact of the execution and delivery by Maria T. Divine of the said note and mortgage to plaintiff, and all the facts concerning that transaction, and the mental condition of the said Maria

T. Divine at the time of such transaction, and that the plaintiff had satisfied and canceled the said note and mortgage of Lillie T. Sparks.

"That from the date of the appointment of Morris M. Estee as such administrator there was no offer or attempt on his part as such administrator to rescind the said note and mortgage."

Appellants invoke the law of the case and insist that, notwithstanding the findings here made, the case is identical with that presented upon the former appeal, where it was held that under the findings the note and mortgage did not constitute a contract, by reason of the mental incapacity of the mortgagor. In this, however, appellants are in error. It will be noted that the discussion in *Jacks* v. *Estee* recognizes the failure of the court to find whether or not Mrs. Divine was "entirely without understanding," and declares "the findings do not go so far as this" but find only her incapacity to understand or comprehend the particular transaction in question. In the absence of this finding it will be noted that the language of the learned commissioner is not couched in terms of a judicial decision, but is limited to "inferences" and "suppositions." It declares that the question is "whether it may be inferred from the findings taken together that it was the intention of the court to find a general incapacity in the intestate." An inference which might be drawn from a given finding cannot be allowed to stand against an express finding to the contrary of the inference. The opinion further declares that the finding of incapacity "seems necessarily to imply her incapacity to understand such transactions in general." Again, it is said, "There is indeed a finding that Mrs. Divine was not insane," and "this seems to be in conflict with the findings we have been considering," "but we must suppose," etc. Thus the discussion in *Jacks* v. *Estee* was addressed to a condition of the record not here existing, to a record which contained no findings upon a matter as to which the record appealed from here is full and complete. It is apparent that the learned trial judge, with sections 38 and 39 of the Civil Code and the discussion of the findings upon the first appeal all before him, made the findings above set forth, for the very purpose of relieving from the necessity of any speculation, supposition,

or implication as to the exact facts and the meaning thereof which he meant to declare. And the findings as now presented are not only essentially different from those upon the former appeal, but forbid in their direct completeness the need of supposition and implication. The finding that Mrs. Divine did not have sufficient mental capacity to understand *the nature, purpose, and effect* of the transaction, stands consistently with the added finding that she was not entirely without understanding on the particular matter of the contract. There is here not only no conflict in the findings, but no lack of harmony in the court's utterances. The declaration is in the conjunctive, that she did not understand the nature, purpose, and effect. Had she been entirely without understanding, the finding should have been, and, drawn by so learned a judge as he who tried this case, would have been, in the disjunctive, and would have declared that she understood neither the nature nor purpose nor effect. As announced by the court, the declaration is consistent with a partial understanding, with the statement that she might have known fully the nature and purpose and might not have fully understood the effect, or that she might have understood, though imperfectly, the nature, purpose, and effect. This being so, the findings bring the case within the purview of section 39, where a rescission was necessary. There is no question in this case but that the mortgagee parted with full value for his mortgage, surrendering and canceling as he did the promissory note secured by a mortgage of Mrs. Sparks, the daughter of Mrs. Divine, and paying additionally the sum of $221.55. The good faith of the mortgagee and his ignorance of Mrs. Divine's condition are not only established, but it is shown that Mrs. Sparks represented her mother as being fully capable of transacting business. Moreover, Mr. Estee, an attorney at law and the legal adviser of Mrs. Divine, was at once made aware of the transaction. Mrs. Divine lived for some time afterwards, and upon her death Mr. Estee became administrator of her estate. . Neither during her lifetime nor after her death was any attempt at a rescission ever made.

The judgment appealed from is therefore affirmed.

Lorigan, J., and McFarland, J., concurred.

Hearing in Bank denied.