[Civ. No. 3518.   Second Appellate District, Division Two.—November
3, 1922.]

# JOSEPH J. MARKUS, Appellant, v. J. C. LESTER, Respondent.

[1] SALES—CONDITIONAL CONTRACT—MENTAL CAPACITY OF PURCHASER
—FRAUDULENT REPRESENTATIONS — FINDINGS — EVIDENCE.—In this
action to recover the amount paid on account of the purchase
price of an automobile, on the theory that the conditional sale
contract was a nullity because plaintiff was without sufficient
mental capacity to make any valid contract whatever, the com-
plaint having been in the form of an action for money had and
received, the trial court's finding that defendant did not receive
the money in question to or for plaintiff's use constituted an im-
plied finding that plaintiff did have sufficient understanding to
make a valid contract and that the sale was not induced by any
false or fraudulent representations; and the evidence on those is-
sues having been substantially conflicting, the finding of the trial
court was conclusive on appeal.

[2] ID. — REPOSSESSION OF CAR AFTER DEFAULT — FAILURE OF CON-
SIDERATION—MUTUAL RESCISSION.—After plaintiff had executed the
conditional sale contract, made the initial payment and accepted
delivery of the car, he and a salesman for defendant having taken
the machine to a repair-shop designated by defendant for the pur-
pose of having the starter repaired, where it remained for some
time and, although defendant notified him that the car was at the
repair-shop and requested him to take it away, plaintiff never
called for the car, and when the next installment fell due defaulted
in his payment, the act of the defendant in thereupon taking
possession of the car in accordance with the terms of the condi-
tional sale contract did not cause a failure of consideration for the
contract or a rescission thereof by mutual agreement.

[3] APPEAL—EVIDENCE—FINDINGS.—Reviewing courts are limited to
a consideration of questions of law and may not reverse a case
upon the ground of the insufficiency of the evidence to support
findings of fact save where the evidence is so free from any
substantial conflict that the appellate court can declare, as a
matter of law, that it is too weak to support the findings.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   Charles Wellborn, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Cooper, Collings & Shreve for Appellant.

C. P. Johnson for Respondent.

FINLAYSON, P. J.—This action is for money had and received. The complaint alleges that on June 14, 1920, defendant received from plaintiff the sum of eight hundred dollars to and for plaintiff's use. Defendant joined issue on this averment by denying that the money was so received. The court found the issue in favor of defendant, and entered judgment accordingly. Plaintiff appeals from the judgment.

At the trial plaintiff introduced evidence showing that he and defendant had entered into a conditional sale agreement, in writing, under the terms of which an automobile was delivered by defendant, as the seller, to plaintiff, as the buyer. Eight hundred dollars of the purchase price was made payable upon the execution of the instrument and the balance was to be paid in certain designated monthly installments. The contract provided that in the event that plaintiff failed to meet any installment when due, defendant, at his option, might retake possession and keep all payments previously made. Having paid defendant the eight hundred dollars at the time of the execution of the contract, plaintiff now seeks its recovery. [1] The theory upon which it is sought to recover in this form of action is, first, that the contract was a nullity because plaintiff was without sufficient capacity to make any valid agreement whatever, and, secondly, that he had the right to and did rescind the contract because of certain alleged false and fraudulent representations claimed to have been made to him by defendant at the time of the sale. Wherefore he contends that, *ex aequo et bono,* the eight hundred dollars ought now to be deemed to belong to him. The trial court, in expressly finding that defendant did not receive the eight hundred dollars to or for plaintiff's use, impliedly found that plaintiff did have sufficient understanding to make a valid contract, and that the sale was not induced by any false or fraudulent representations on defendant's part. Appellant's sole contention is that the evidence is insufficient to support these implied findings.

It would be impracticable for us to analyze and discuss the testimony of each witness. A brief statement of some of the more important facts will suffice to show that there was a substantial conflict in the evidence, which imposed upon the trial court the duty of determining the disputed facts. And no rule is better settled than that on appeal the findings of the trial court on conflicting testimony cannot be reviewed.

Upon the question of his mental competency the testimony of one of his own witnesses, a medical expert, was enough to show that appellant possessed contractual capacity. It appears that appellant, an exservice man, was gassed in the late war. One of his witnesses, a physician, testified that gassing usually results in a general weakness, a shortness of breath and a pain in the chest on exertion, and possibly a cough, a lack of endurance and a loss of weight, but that it would not affect the mentality, save indirectly by weakening the person's physical condition and his power of resistance. The witness further testified that his examination of plaintiff revealed only a weakened physical condition.

Though appellant's physical weakness may perhaps have made him more readily susceptible to the influence of persuasive arguments than would be the case with the average person, the evidence leaves no room to doubt his mental capacity to enter into this contract. The evidence is abundantly sufficient to show that he was in possession of his faculties and that he understood the nature of his transaction with defendant. The Civil Code (sec. 38) provides that "a person entirely without understanding has no power to make a contract of any kind." The phrase "entirely without understanding" means a want of capacity to understand transactions of the kind involved. (*Jacks* v. *Estee,* 139 Cal. 507 [73 Pac. 247] ; *Ripperdan* v. *Weldy,* 149 Cal. 667, 674 [87 Pac. 276] ; *Jacks* v. *Deering,* 150 Cal. 272 [88 Pac. 909].)

Equally without merit is the claim that the evidence shows without substantial conflict that defendant overreached plaintiff through false and fraudulent representations. The automobile in question was a second-hand 1914 Packard. It is claimed that defendant represented it to be a 1915 model; also that he falsely represented it to be in good mechanical condition, and that it would never wear out.

Defendant testified that he did not tell plaintiff that the car was a 1915 model. He also testified that the car was in first-class mechanical condition. He denied that he ever told plaintiff that the machine would never wear out. There is nothing inherently improbable in defendant's testimony, and the trial court was warranted in accepting it as true.

Appellant claims that it was falsely represented to him that the car had been owned by a very wealthy man, a Mr. Pillsbury, immediately before coming into defendant's possession. Defendant testified, and it is conceded, that the car originally was owned by Pillsbury. Defendant denied, however, that he told plaintiff that the car had belonged to Pillsbury immediately before he obtained its possession.

It next is urged that defendant falsely represented the title to the automobile to be in himself. There is no basis for this claim. Nowhere in appellant's testimony does he say that defendant told him that he (the defendant) owned the car. What appellant did say when on the witness-stand was that defendant told him that Pillsbury owned the car just before it came into defendant's garage. But this, as we have seen, the defendant denied. The owner of the car, a man of the name of McKay, had left it with defendant with instructions to sell it. The sale was made by defendant within the scope of his instructions, and there can be no question as to his authority to pass the title to appellant.

[2] Appellant claims that he returned the car shortly after the sale and that defendant received and kept it; wherefore it is argued that the consideration for the sale has failed. The sole basis for this claim is that very shortly after the car was delivered to plaintiff it was taken to and left at a repair shop under circumstances which, according to the version given by defendant and his witnesses, were as follows: Plaintiff returned to defendant's place of business with the car and complained that he had experienced difficulty in starting it. Thereupon defendant, upon being informed by one of his salesmen that plaintiff had "killed his engine" and that he had "jimmied the starter," told the salesman to accompany plaintiff to an electric repair shop and there have the starter fixed. Accordingly, plaintiff and the salesman, so defendant testified, took the car to the designated shop, where it was left with instructions to fix the starter. There it remained for some time.

Finally defendant wrote plaintiff a letter reminding him that his car was at the repair shop and telling him that it was ready to be taken away. Plaintiff never called for his car, and when the next monthly installment fell due defaulted in his payment. Under these circumstances, which in view of the trial court's decision in favor of defendant must be accepted as true, appellant cannot be heard to say that the consideration has failed or that the contract was rescinded by mutual agreement.

Finally, it is urged that the implied finding that the value of the car was two thousand dollars is not supported by the evidence. We fail to perceive how there could be any finding, express or implied, as to the value of the car. But assuming that the court did impliedly find the value of the car to be two thousand dollars, the testimony of defendant and his witnesses would have warranted such finding. Defendant, who had had years of experience in the business of buying and selling second-hand or used automobiles, and so was well qualified to give evidence as an expert upon such matters, testified unequivocally that in his opinion the reasonable market value of the car was not less that two thousand dollars. In this he was corroborated by other witnesses equally well qualified to speak authoritatively upon such matters. [3] There was no inherent improbability in defendant's testimony, and we are powerless to overthrow the trial court's findings without undermining the fundamental principle that reviewing courts are limited to a consideration of questions of law, and may not reverse a case upon the ground of the insufficiency of the evidence to support findings of fact save where the evidence is so free from any substantial conflict that the appellate court can declare, as a matter of law, that it is too weak to support the findings. Without undertaking any further analysis of appellant's arguments, we repeat that we are satisfied, after a careful examination of the record, that the evidence amply justifies the findings.

The judgment is affirmed.

Works, J., and Craig, J., concurred.