[L. A. No. 8552.   In Bank.—May 9, 1927.]

PRODUCERS HOLDING COMPANY (a Corporation) et
    al., Respondents, v. JAMES A. HILL et al., Appel-
    lants.

**[1]** CONTRACTS — PERFORMANCE — COMPENSATION. — Under a contract
    for the excavation of land, where it appears that the contractor
    has substantially complied with his contract, and there is nothing
    in the contract providing that he is to receive no part of the
    consideration until he has fully completed the work according
    to its terms, performance of the contract was not required to be
    literal and exact in order to entitle the contractor to his com-
    pensation, and substantial performance is all that is required.

---

1. See 6 Cal. Jur. 422; 6 R. C. L. 967.

[2] ID.—DEED OF TRUST TO SECURE COMPENSATION—SALE—INJUNCTION. In a suit to enjoin a sale under a deed of trust given to secure payment under a contract for the excavation of land, where there existed a controversy as to the amount of the balance due the contractor, on account of the claim that the contract had not been completed, the most that the court should have granted was a temporary injunction restraining the contemplated sale under the deed of trust pending a determination of the amount actually required to complete the work according to the terms of the agreement.

[3] ID. — ESTOPPEL — PLEADING. — In such a case, the contention of appellants that the respondents accepted the work as completed and that, therefore, they cannot dispute the amount claimed to be due, cannot be maintained on appeal, where they did not plead it as an estoppel.

(1) 13 C. J., p. 690, n. 84, p. 691, n. 86, p. 692, n. 89; 17 C. J., p. 852, n. 91, p. 853, n. 92; 32 C. J., p. 111, n. 82.   (2) 32 C. J., p. 20, n. 4.   (3) 3 C. J., p. 696, n. 61, p. 704, n. 21, p. 708, n. 54.

APPEAL from a judgment of the Superior Court of Los Angeles County.   H. D. Gregory, Judge Presiding.   Reversed.

The facts are stated in the opinion of the court.

George F. McCulloch and E. T. Lucey for Appellants.

M. M. Gordon for Respondents.

WASTE, C. J.—The defendants appeal from a decree of perpetual injunction, granted on final hearing in the court below to the plaintiffs, enjoining the defendants from selling certain real property in the city of Los Angeles hypothecated under a deed of trust given as security for the payment of a promissory note for the balance due for work and labor performed in excavating the lands described in the trust deed and adjoining property.   The work and labor was performed by the appellant James A. Hill, pursuant to an agreement in writing with the respondent Catherine I. Powell, under the terms of which Hill agreed to remove 21,000 cubic yards of dirt from the property

2.   See 25 Cal. Jur. 80.
3.   See 10 Cal. Jur. 653; 10 R. C. L. 842.

of the respondent for the sum of $11,500. It was provided in the agreement that the compensation for the grading should be due and payable thirty-five days after the completion of the work, and, if not so paid, the appellant was to receive security for the payment.

Appellant James A. Hill entered into the performance of the contract, and having, as he contended, completed the work of excavation, made several unsuccessful attempts to collect the money claimed to be due. He finally filed a mechanic's lien against the property. While the work was in progress the respondent Powell sold the property to the respondent Producers Holding Company. Some time after the excavation was finished the Producers Holding Company leased a portion, one-third, of the premises to Arthur E. Mortimer, who desired to erect a hotel thereon. On having the title examined, Mortimer discovered that the appellant Hill held a mechanic's lien on the property. Through negotiations brought about by Mortimer, a settlement was reached by which Hill released his lien on the premises, accepted $3,800—approximately one-third of the amount of his claim—in cash, which was advanced by Mortimer, and took a six months' note of the Producers Holding Company for the balance of the payment for the work. The note, executed to Robert J. Hill for the appellant James A. Hill, was secured by a deed of trust on the remaining two-thirds of the property not leased to Mortimer. The note not being paid when due, the trustee, the respondent Title Guarantee and Trust Company, declared its intention to sell the property according to the terms of the deed of trust, and advertised it for sale. Thereupon, the Producers Holding Company and Mrs. Powell, alleging that Hill had failed and refused to complete his contract, and that the defendants were insolvent and incapable of responding in damages, instituted this action, which resulted in a decree permanently restraining the defendants from selling or attempting to sell the property, with no alternative. After motion for new trial made and denied, the defendants appealed.

Respondents object to the consideration of the appeal on the ground that there is no record or transcript before the court. The contentions urged in support of the objection appear to be the same as those advanced on motion to dis-

miss the appeal, which was denied April 6, 1925, and will not be reconsidered.

The appellants urge upon our consideration a number of reasons why the decree should be reversed. We deem it unnecessary to consider any but the major contention that the decree must be set aside, and a new trial ordered, because the court below failed to require the respondents to do equity. The sole contention of the respondents, in support of the action of the trial court in granting the permanent injunction, with no alternative to the appellants, is that the appellant James A. Hill guaranteed full and complete performance of the grading contract, but did not fully complete the work, and therefore cannot recover any part of the agreed consideration. The appellants, in their answer, denied that Hill made any such guarantee, and alleged that at the time of making the contract it was understood and agreed that the contractor would not be required to remove all of the earth from the lots, except and until the owner had erected a retaining wall for the purpose of preventing the "cave-down" of the bank of the adjoining property, and in that connection alleged a willingness to remove all the surplus earth from the lands in accordance with the contract whenever plaintiffs furnish the necessary and proper protection against caving of the adjoining lands. They offered substantial evidence in support of these allegations, and the respondents introduced evidence to the contrary. The trial court did not find directly on the issue thus tendered, but found, generally, that although the appellant James A. Hill, prior to the execution of the trust deed, represented to the owners of the property that the work of excavation had been finished, the work had not been completed in accordance with the terms of the contract, and there remained a large amount of work yet to be done. On this finding the trial court rested its decree perpetually enjoining the defendants from selling the property under the terms of the deed of trust.

The decree must be reversed. The action is one of equitable cognizance. In their complaint, the plaintiffs alleged they "stand ready and willing . . . to pay to the defendants such sums of money as may be found to be due under said contract, if any are unpaid." In his opening statement to the trial court, counsel for the respondents, after

referring to the appellants' alleged breach of contract, declared the action to be "an equity case," and stated a willingness on the part of the respondents "to do equity." Appellants, as before indicated, stood in the same position. The facts presented called for an adjustment of the equities between the parties. It appears from the record that the grading, if completed in accordance with the terms of the contract, would necessitate the removal of approximately 21,000 yards of material, for which the appellant James A. Hill was to receive $11,500. Witnesses on behalf of the respondents testified that the property had not been graded as agreed upon, and that approximately 2,000 yards of material would have to be removed in order that the lot be excavated as agreed upon, and fixed the cost of removal of the remaining earth at one dollar a yard, or $2,000 for the whole amount. Appellants, in their testimony, admitted that there remained from 400 to 700 yards of earth to be removed. [1] Accepting the figures of the respondents as correct, it thus appears that the appellants had substantially complied with their contract. There is nothing in the agreement, nor in the findings, from which it may be argued that the contractor was to receive no part of the consideration until he had fully completed the work according to the terms of contract. The rule is well established that, in cases of this character, performance of a contract need not, in all cases, be literal and exact in order to entitle a contractor to compensation therefor; and substantial performance is all that is required. (*Hill* v. *Clark*, 7 Cal. App. 609, 611 [95 Pac. 382] (a grading contract); *Harlan* v. *Stufflebeem*, 87 Cal. 508, 511 [25 Pac. 686]; 6 Cal. Jur. 420.) The correct rule to apply to the situation, therefore, is that the contractor may not be denied all relief, but is entitled to receive from the respondents the difference between the contract price and the amount required to complete the work plus the part payment already received. Although the court did not find on the issue raised by the answer and the conflicting testimony on the point, appellants' failure to fully complete the work of excavation does not appear to have been wilful, but grew out of a belief that further excavation would result in injury to the adjoining property and the improvements thereon.

[2]  In view of the fact that there existed a controversy as to the amount of the balance due the contractor, the trial court, at the most, should have granted a temporary injunction restraining the contemplated sale under the deed of trust, which was given to secure such balance, pending a determination of the amount actually required to complete the work of excavation according to the terms of the agreement.  The sale should have been enjoined only until the equities between the parties which affected the amount due under the deed of trust were settled, and provision made for their complete and satisfactory adjustment.  (*More* v. *Calkins,* 85 Cal. 177, 188 [24 Pac. 729] ; *Meetz* v. *Mohr,* 141 Cal. 667, 673 [75 Pac. 298].)   All the parties were in the court below seeking equity and professing a willingness to do equity.  The trial court did not accord them an opportunity to do so, and its action must be reversed.

The appellants alleged in their answer, and supported the allegation by evidence, that when the respondents were notified by appellant James A. Hill that the work of excavation was completed, and demand was made by him for payment for the grading, they pleaded that they did not have money with which to pay for the work, and continued to make dilatory promises from time to time until the contractor filed his claim of lien upon the property, and that neither during said period nor during the negotiations which led to the release by Hill of his lien on the property, and the giving and acceptance of the note and trust deed, did the respondents offer any objection, or claim that any work remained to be done under the terms of the contract. While no estoppel is pleaded in direct terms, the appellants contend that the respondents accepted the work as completed, and actually paid for the same with the $3,800 in cash advanced to their use for that purpose by Mortimer, and by giving the note and trust deed, and cannot now dispute the amount claimed to be due.  [3]  Appellants did not plead an estoppel, and that defense may not be availed of on appeal.  (3 Story's Equity Jurisprudence, p. 582, sec. 2022; *Blood* v. *La Serena L. & W. Co.,* 113 Cal. 221, 229 [41 Pac. 1017, 45 Pac. 252].)   We are of the view that the equities of the parties to this litigation can best be adjusted by the application of the doctrine of substantial performance, under which the appellant James A. Hill may be compensated for the work actually completed by him, and

201 Cal.—14

the respondents will not be compelled to pay for work which was not performed.

The judgment is reversed, and the cause is remanded with directions to the court below to proceed in accordance with the views herein expressed.

Shenk, J., Richards, J., Seawell, J., Curtis, J., Preston, J., and Langdon, J., concurred.