[Civ. No. 258.   Fourth Appellate District.—August 6, 1930.]

DONALD DOOL et al., Executors, etc., Appellants, v. THE FIRST NATIONAL BANK OF CALEXICO (a Corporation) et al., Respondents.

586

'Ault & MacKinnon and Clyde R. Burr for Respondents.

BARNARD, J.—In this action plaintiffs seek to have a certain note and trust deed declared void and canceled, and to have the title to certain real property in Imperial County quieted. The complaint alleges that Edward Dool, one of the parties who executed a certain note and trust deed, was, at the time of the signing the same, entirely without understanding, within the meaning of section 38 of the Civil Code. It also alleges a rescission, it being set forth in this connection that the plaintiffs offered to return everything they had received, but that they received nothing of value. Plaintiffs admit in their complaint that they are indebted to the defendant bank in some amount, but allege on information and belief that it amounts to not more than $25,000. The court found that Edward Dool died on August 6, 1927; that prior to his death he was the owner of the real estate described in the complaint; that on March 4, 1925, he suffered a stroke of paralysis and was confined to his bed for about three weeks; that on April 22, 1925, he and his wife, Anna I. Dool, executed a deed of trust covering the real property described in plaintiff's complaint, which conveyed that property to the First National Bank of Calexico, as security for a pre-existing indebtedness of said Edward Dool to said bank in the sum of $28,561.34; that at the time of the execution of said trust deed, the said Edward Dool was capable of understanding the nature, purpose and effect thereof; that the said trust deed was supported by a valid and adequate consideration; that on March 27, 1925, the said Edward Dool and his wife had signed and caused to be delivered to the First National Bank of Calexico a promissory note dated that day for $28,561.34, payable one year after date, with another trust deed securing the same; that on March 27, 1925, when the last-named note and trust deed were signed the said Edward Dool was incapable of understanding the nature, purpose or effect thereof; and that the last-named note for $28,561.34 is the same note which is also mentioned in the trust deed of April 22, 1925. The trust deed of April 22, 1925, recites that it is given for the purpose of securing payment of the indebtedness evidenced by one promissory note "substantially as follows," and there is then set out a copy of the promissory note of March 27, 1925. The court

also found that on February 2, 1928, the plaintiffs had executed and served upon the defendants a notice of rescission. By its judgment the court found the trust deed of April 22, 1925, to be a good and valid lien upon the premises, and decreed that the defendants were entitled to enforce the payment of the indebtedness secured by said trust deed. From this judgment the plaintiffs have appealed, upon the judgment-roll alone.

The only argument advanced by appellants is that since the promissory note dated March 27, 1925, was executed at a time when one of the makers was incapable of understanding its nature, purpose or effect, and since a trust deed is merely an incident to the debt which it secures, the trust deed of April 22, 1925, relied upon by respondents, is void and of no effect.

It may be conceded that if the note and trust deed of March 27, 1925, stood alone, there would exist a proper case for rescission, in accordance with section 39 of the Civil Code. (See *Jacks* v. *Deering*, 150 Cal. 272 [88 Pac. 909].) Appellants apparently attempt to bring themselves within this provision, but while they allege a notice of rescission in which they offer to restore all that they have received, they affirmatively allege that they never received anything of value. The findings of fact, which are the only facts before us, show nothing to indicate that appellants are entitled to a rescission, but do show an indebtedness to respondent bank in excess of $28,561.34. And there is no finding that appellants have ever paid or offered to pay any part of the debt. A trust deed may be given as security for an indebtedness whether represented by a note or not. (*Savings & L. Soc.* v. *Burnett*, 106 Cal. 514 [39 Pac. 922]; *Meetz* v. *Mohr*, 141 Cal. 667 [75 Pac. 298].) The pre-existing indebtedness was not wiped out by the note of March 27, 1925. The taking of a note for a pre-existing debt is not payment of the debt unless it is so understood and agreed at the time. (*Western Fuel Co.* v. *S. G. Lewald Co.*, 190 Cal. 25 [210 Pac. 419]; *Gnarini* v. *Swiss American Bank*, 162 Cal. 181 [121 Pac. 726]; *Ellison* v. *Henion*, 183 Cal. 171 [11 A. L. R. 444, 190 Pac. 793].) Even if the note was voidable, the indebtedness remained. The trust deed of April 22, 1925, given at a time when the maker was fully cognizant of what he was doing, as found by the

court, was given to secure this same indebtedness, and the fact that it referred to a promissory note which might have been voidable through lack of understanding of the maker at the time it was signed, does not change the fact that there was an indebtedness, the payment of which the trust deed in question secured.

A further consideration is that the note of March 27, 1925, was not void but voidable, and therefore could be ratified. Section 1588 of the Civil Code provides: "A contract which is voidable solely for want of due consent may be ratified by a subsequent consent." (See, also, *Weinberg Co.* v. *Heller,* 73 Cal. App. 769 [239 Pac. 358]; *Hanley* v. *Murphy,* 70 Cal. App. 157 [232 Pac. 767].) In the instant case Edward Dool ratified and confirmed the note by signing the trust deed of April 22, 1925, in which the said note is set out in full. Nor would the situation be any different if the note were absolutely void, for even in the case of a void contract it is made valid by some act which is equivalent to the execution of a new contract or by something which operates as an estoppel. (*Hakes Inv. Co.* v. *Lyons,* 166 Cal. 557 [137 Pac. 911].) The signing of the last trust deed, referring to the previous note and setting out a copy thereof, was equivalent to the execution of a new note. The circumstances would also operate as an estoppel when an action is begun three years later to cancel such a note and trust deed, especially when the plaintiffs admit in their complaint an indebtedness which they allege they do not think exceeds $25,000. This is an equitable action, and one of the most thoroughly established principles of equity is "one who seeks equity must do equity."

The judgment is affirmed.

Cary, P. J., and Ames, J., *pro tem.,* concurred.