[L. A. No. 481.   Department Two.—September 5, 1899.]

## R. H. McCRAY, Respondent, v. JOHN BURR, Sheriff of Los Angeles County, Appellant.

CONVERSION OF PERSONAL PROPERTY—FINDINGS—DAMAGES—NECESSARY IMPLICATION.—In an action for damages for the conversion of personal property, findings in favor of plaintiff's ownership and possession, and that the defendant sheriff took the property and sold the same as alleged in the complaint, that it was of the value of seven hundred dollars, and that by virtue of the levy and sale said property was entirely lost to the plaintiff, followed by a conclusion of law that plaintiff is entitled to recover of the defendant the said sum of seven hundred dollars with interest, though informally drawn, necessarily imply that plaintiff was thereby damaged in the amount of the value of the property, and are sufficient to support the judgment without an express finding to that effect.

ID.—FINDING OF PROBATIVE FACTS.—Where probative facts are found from which the court can declare that the ultimate facts necessarily result, the finding is sufficient.

ID.—DEMAND UPON SHERIFF—OWNERSHIP OF PROPERTY—CAUSE OF ACTION.—The demand upon the sheriff is no part of the cause of action for conversion of the property, but is a mere statutory requirement for the benefit of the sheriff; and it is not necessary that the findings should specifically show that plaintiff was the owner of and entitled to the property at the time of such demand.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

Jones & Weller, and McKinley & Graff, for Appellant.

Curtis D. Wilbur, and Murphey & Gottschalk, for Respondent.

McFARLAND, J.—This is an action to recover damages for the alleged conversion of certain personal property. The case was tried without a jury, and judgment was rendered for plaintiff. Defendant appeals from the judgment upon the judgment-roll alone.

It was averred in the complaint that on the 4th of April the plaintiff was the owner of, in possession of and entitled to the possession, and ever since has been the owner and entitled to the possession of, certain described personal property consisting of horses, wagons, and farming implements; that on the said fourth day of April the defendant, as sheriff, levied upon and took possession of said property under a writ of attachment in a suit against one S. R. McCray, brought by third parties, and converted the same to his own use; that before the commencement of this action, to wit, on or about the fourteenth day of April, the plaintiff demanded of the defendant the possession of the said property in accordance with the statutory provisions upon the subject, and that the defendant refused to deliver the same to the plaintiff; that the value of the property was about nine hundred and seventy dollars, and that the plaintiff had expended large sums of money in pursuit of the same; and that by reason of the wrongful taking, detention, and conversion of the property plaintiff was damaged in the sum of fifteen hundred dollars, for which he prays judgment.

The main contention of appellant is, that the findings do not support the judgment because there is no finding that plaintiff was damaged in any amount whatever. No doubt the findings could have been more full and specific, but we think that they are sufficient to support the judgment. A great many embarrassing questions have been raised in this court in consequence of a want of care in preparing findings. It seems to have been assumed in many cases that when the trial court had announced the judgment which it intended to enter the case was over, and there was nothing farther for the winning side to look to; but it must be remembered that under our code findings must be prepared which must contain statements of facts necessary to support the judgment. In the case at bar, while there has been carelessness in the preparation of the findings, still we think that they are sufficient. The court finds that on the said fourth day

of April the plaintiff was the owner of and in possession of the property, and that it was of the value of seven hundred dollars; and that on said day the defendant took the property as alleged in the complaint and afterward sold the same, and that by virtue of the levy and sale "said property was entirely lost to the plaintiff." And as a conclusion of law the court finds that the plaintiff is entitled to recover of the defendant the said sum of seven hundred dollars, with interest, et cetera. The objection to the finding is, that the court does not expressly say that the plaintiff was thereby damaged in the sum of seven hundred dollars, or any sum; but from the facts found it necessarily follows that the damage accrued to plaintiff. "Where probative facts are found, and the court can declare that the ultimate facts necessarily result from the facts which are found, the finding is sufficient." (*Alhambra etc. Water Co. v. Richardson*, 72 Cal. 601. See, also, *Souter v. Maguire*, 78 Cal. 543; *Coveny v. Hale*, 49 Cal. 552; *People v. Hagar*, 52 Cal. 189; *Osborne v. Clark*, 60 Cal. 622.) From the facts found in the case at bar it necessarily followed that plaintiff was damaged in the amount of the value of the property. Moreover, the court finds that by virtue of the other facts found the property "was entirely lost to plaintiff;" and while this language is not very good legal literature, yet it sufficiently includes the fact of damage.

The findings are not deficient because the court did not find that on the fourteenth day of April, when plaintiff made his demand upon the sheriff, the plaintiff was then the owner of and entitled to the property. The cause of action was the taking of the property on the fourth of April; demanding its return was a mere statutory requirement for the benefit of the sheriff. We see no other points necessary to be noticed. The claim of respondent that damages should be imposed for a frivolous appeal cannot be allowed; the respondent, under the circumstances, should be satisfied with an affirmance of the judgment.

The judgment appealed from is affirmed.

Temple, J., and Henshaw, J., concurred.