[Civ. No. 413.  Second Appellate District.—February 28, 1908.]

JAMES A. HILL, Respondent, v. STEPHEN A. D. CLARK et al., Appellants.

MECHANIC'S LIEN—CONTRACT TO GRADE LAND—SUBSTANTIAL PERFORM-ANCE—QUESTION OF FACT—FINDINGS.—A mechanic's lien may be sustained to enforce compensation for work and labor done under a contract to grade land where the court found that the work was substantially performed, and that a small allowance should be made for the cost of supplying any deficiency to make it fully conform to the contract. The finding of the court upon the question of fact as to the substantial performance of the contract is as conclusive as upon any other fact.

ID.—DENIAL OF MOTION FOR NONSUIT—ERROR CURED BY SUBSEQUENT SUPPLY OF EVIDENCE.—Error in refusing a motion for a nonsuit is cured by subsequent evidence warranting findings that the work was substantially performed in good faith, entitling the contractor to compensation.

ID.—CONCLUSIVENESS OF FINDINGS UNASSAILED.—Findings unassailed for insufficiency of the evidence must be taken as conclusively true.

ID.—EVIDENCE—CONSTRUCTION OF WORD ''GRADE'' IN CONTRACT.—The word ''grade'' in a contract which explicitly states the exact grade to which the property should be brought is unambiguous, and it was error to admit testimony as to the construction.

ID.—IRRELEVANT QUESTION AS TO DAMAGES—DISALLOWANCE NOT PRE-JUDICIAL.—Where no issue was raised as to liquidated damages, it was not error to disallow a question addressed to a defendant as to what extent he was injured, by failure of the plaintiff to complete the work; and it appearing that the work was substan-tially performed, the disallowance of the question could not be prejudicial.

ID.—ATTORNEYS' FEES.—Attorneys' fees cannot be allowed upon the foreclosure of a mechanic's lien.

APPEAL from a judgment of the Superior Court of Los Angeles County.  G. A. Gibbs, Judge.

The facts are stated in the opinion of the court.

M. W. Conkling, and J. L. Fleming, for Appellants.

H. L. Dunnigan, Haas, Garrett & Dunnigan, and Borden & Carhart, for Respondent.

ALLEN, P. J.—This is an appeal from a judgment, the evidence taken at the trial being presented in a bill of exceptions.

The action was one brought by plaintiff to foreclose a lien on account of certain work and labor performed in grading a tract of land under a written contract with defendant, the owner. This contract specified the exact lines of grade to which the premises should be brought, and for which work the plaintiff was to receive $1,000 upon completion. Upon the trial the plaintiff did not show that he had complied with the contract in any manner other than as required by his construction thereof, which was that, when he had taken off the earth from the high places and with it filled in the low places to the extent of the material within the lines of the work, he had done all that was required of him by the contract; and the court permitted plaintiff, under objections, to introduce testimony tending to show that the word "grade," as used in the contract, had by the custom of business no other construction than that given it by plaintiff; that by the use of the word "grade" in the contract it was never intended to require that dirt should be hauled from the outside.

At the conclusion of the plaintiff's testimony defendants moved for a nonsuit upon the ground that the plaintiff had failed to show that the contract set out in the complaint had been substantially fulfilled or completed, which motion was denied, with an exception. Thereupon, defendants introduced testimony tending to show the extent to which the work had been done and the amount of labor and expense incident to its entire completion; and plaintiff was permitted to introduce testimony in rebuttal in connection with such question of completion and cost.

At the conclusion of the testimony, the court filed its findings of fact, wherein it found that plaintiff furnished and performed the labor agreed to be furnished and performed, and substantially performed said contract according to its terms; that in the performance of said contract plaintiff failed to grade the property exactly to conform to the lines specified in said contract; that plaintiff endeavored in good faith to perform said contract; that defendants would not permit plaintiff to cut certain high places to the specified grade, which, had he been permitted so to do, would have provided

sufficient dirt on the property to bring the entire property to
the grade specified in said contract; that plaintiff failed to
bring in dirt to fill up the low places on said property; that
the defect is one that can be remedied, and the damage caused
by the failure of plaintiff to bring in dirt, including the
cost of supplying the deficiency, amounts to the sum of $150;
that such sum would correct the work done by said contractor
to make it conform to the contract aforesaid. And, as a
conclusion of law, the court found that plaintiff was entitled
to judgment for $650, being the amount of the contract price
less a payment of $200 theretofore made, and the $150 neces-
sary to an entire completion of the contract, together with
$2.45 paid for verifying and recording the claim of lien and
$50 for attorneys' fees; and a decree for the sale of the
property in the ordinary way on default in the payment of
such judgment.

The findings are not attacked by any specifications of error
relating to insufficiency of evidence for their support.

The principal contention of defendant upon this appeal is,
that the judgment should be reversed because of the action of
the court in denying the motion for nonsuit. In a former
opinion filed in this case this court reversed the judgment of
the trial court upon the ground that such motion for nonsuit
should have been granted. Upon a rehearing of the case,
however, we are satisfied that we overlooked the effect which
should be given the findings of fact. While it is true that
the court would have been warranted in granting the motion
for nonsuit when made, yet sufficient appears in the record
to show that the omission of the requisite proof upon the part
of plaintiff in the first instance was supplemented by subse-
quent evidence properly received upon the trial; and, under
the well-established rule, such subsequent proof will have the
effect to cure the error in denying the original motion. The
rule is well established that in cases of this character the
performance of a contract need not in all cases be literal and
exact in order to entitle a plaintiff to compensation therefor;
that a substantial performance is all that is required. (*Har-
lan* v. *Stufflebeem,* 87 Cal. 512, [25 Pac. 686].) "Whether
the contract has been substantially performed is a question of
fact which must be determined by the trial court in each in-
stance from the facts and circumstances in that case, and the

finding of the trial court upon that point is as conclusive as is its finding of any other fact." (*Schindler* v. *Green*, 149 Cal. 755, [87 Pac. 627].) The findings not being challenged as unsupported by the evidence, we must, therefore, accept the same as conclusive upon the question of good faith and substantial completion. While findings of fact are not proper on a motion for nonsuit, yet, under the circumstances of this case, in determining whether or not the subsequent proof has supplied any omission in the plaintiff's testimony, we may look into the findings to determine that fact, rather than into the evidence in the bill of exceptions as the evidence to support such findings will be presumed to have been introduced. In the light of subsequent events, therefore, there was no prejudicial error in denying the motion for nonsuit.

It is further insisted by appellant that the court erred in admitting the testimony of witnesses as to the construction to be given the word "grade" in a contract where the same specifically states the exact grade to which the property should be brought. We quite agree with appellant in this regard. There was no room for construction. The contract was specific as to the lines to which the grade should be brought; but, looking again into the findings we see that the court finds that there was sufficient dirt on the ground to bring the property to the precise grade fixed in the contract. Hence, the evidence offered as applicable to cases where there was an insufficiency of earth could not prejudice defendant in this case.

We perceive no error in the action of the court sustaining the objection to a question asked defendant, as follows: "Can you state to the court how much and to what extent you have been injured by the failure of the plaintiff to complete this work; the question is, can you tell?" The contract provided for a fixed sum as liquidated damages for delay in the completion of the work beyond the time specified in the contract. No issue was presented as to the amount of the liquidated damages, or claim on account thereof, and the question objected to could have no reference thereto; and the court finding that the contract was substantially completed, there was no room for inquiry as to the damages, and no prejudice could result to defendant from such ruling.

The appeal from the judgment, however, presents the question involved in an allowance of attorneys' fees. In *Build-*

ers' *Supply Depot* v. *O'Connor*, 150 Cal. 265, [119 Am. St. Rep. 193, 88 Pac. 982], it is held that an attorney's fee cannot be allowed in the foreclosure of a mechanic's lien, even though provided by statute. The same reasons which impelled that decision are applicable here, and the court erred in awarding an attorney's fee.

The judgment of the superior court is, therefore, modified by striking therefrom the words, "and for the further sum of $50 hereby allowed said plaintiff for attorneys' fees in this action"; and, as so modified, is ordered affirmed, appellant to recover costs on appeal.

Shaw, J., and Taggart, J., concurred.