[Civ. No. 2431.  First Appellate District.—July 31, 1918.]

## C. R. LAURENCE, Appellant, v. PACIFIC OIL AND LEAD WORKS (a Corporation), Respondent.

Statute of Limitations — Lack of Formal Finding — Finding of Facts Showing Bar—Appeal—Affirmance of Judgment.—In an action to recover damages for breach of contract, the failure of the court to find in terms upon the plea of the statute of limitations is not a ground for the reversal of the judgment on appeal where the facts found show that the action is barred.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Powell & Dow, for Appellant.

Pillsbury, Madison & Sutro and A. D. Plaw, for Respondent.

THE COURT.—The plaintiff brought this action to recover from the defendant damages for failure and refusal to deliver a certain quantity of oil in violation of an oral agreement. The answer, among other defenses, set up that the action was barred by subdivision 3 of section 338 of the Code of Civil Procedure, requiring an action for the taking, detaining, or injuring of goods to be brought within three years; and also subdivision 1 of section 339 of said code, limiting to two years the time in which suit may be brought upon an obligation or liability not founded upon an instrument in writing. The complaint was filed on June 4, 1915.

The court found, evidently in response to the issue of the bar of the statute, that prior to the twenty-fourth day of April, 1912, the defendant had wholly failed and neglected to deliver said oil upon the order of plaintiff; and also that on the twenty-third day of April, 1912, the defendant refused to deliver said oil to plaintiff's order, and notified plaintiff in writing of such refusal, and these findings are supported by the evidence.  The court further found that the plaintiff was not

injured by defendant's refusal to make the demanded delivery, and gave judgment in defendant's favor, from which plaintiff appeals.

The appellant claims that there is no evidence to support the finding of defendant's refusal in writing to deliver the oil; but the evidence is found in the sworn answer of the defendant in a previous action between the same parties concerning the same oil, in which the ownership by plaintiff of the oil or any interest therein was specifically denied, and it was also alleged that the merchandise belonged to another party, to whom it had been actually delivered by the defendant. This evidence was introduced by the plaintiff himself. His cause of action against the defendant immediately arose upon this categorical denial of any right or interest of the plaintiff in the merchandise.

The point is made by appellant that the court failed to find in terms upon the plea of the statute of limitations, which was a material issue in the case, and that it is not sufficient to find facts from which the bar of the statute may be inferred, citing the case of *Duff* v. *Duff,* 71 Cal. 513, [12 Pac. 570], in support of this contention. While it is true that the judgment in that case was reversed, the reversal was not had upon this ground, and later cases considerably weaken the force of what is said in the opinion in that case upon this point. In *Water Co.* v. *Richardson,* 72 Cal. 598, [14 Pac. 379], there was no finding in terms upon the plea of the statute; but the court said that "where probative facts are found, and the court can declare that the ultimate facts necessarily result from the facts which are found, the finding is sufficient." This principle was again announced in *McCray* v. *Burr,* 125 Cal. 636, [58 Pac. 203]; and in *Woodham* v. *Cline,* 130 Cal. 497, [62 Pac. 398], it was said: "It is not necessary that the court find expressly as to the statute of limitations where the facts found or admitted show that the action is not barred." We take it that the same principle must apply where the facts found show that the action is barred. And in the case last mentioned the court also said that "a party cannot be heard to complain of the absence of a finding upon a material issue if the finding must have been against him upon the record as presented."

It is quite evident from the present record that the trial court made the findings above recited in response to the issue

of the statute of limitations; and it would be idle for this court to reverse the judgment for the purpose of requiring the trial court to make a formal finding in terms upon the bar of the statute when the fact of the bar is plainly covered by the findings as made. Such a reversal would be purely upon technical grounds, and out of harmony with the trend of recent decisions made under the authority of constitutional amendments designed to affect matters of procedure of the kind now under consideration.

In view of our conclusion upon this point it is unnecessary to discuss other contentions made by the appellant.

The judgment is affirmed.