[Civ. No. 2978.  First Appellate District, Division One.—October 17, 1919.]

## JAMES F. SPENCER et al., Respondents, v. STEPHEN F. DEEMS, Appellant.

[1] RESCISSION—EXCHANGE OF PROPERTIES—FRAUDULENT REPRESENTATIONS—DEFICIT IN RENT—FAILURE TO MAKE TENDER.—Rescission of a contract of exchange of an apartment house business for certain real property, on the ground of fraudulent representations, will not be denied because the plaintiffs failed to tender the amount they were in arrears in the rent of the apartment house, which had accrued since the inception of their tenancy and was unpaid through no fault on their part, but solely by reason of the insufficiency of the income from the apartments to produce the necessary funds for the payment of the monthly rental, where the defendant not only failed to make any objection to the form or the particulars of the tender, but absolutely refused to ac-

quiesce in rescinding the transaction, and he knew at the time of the exchange of the properties the apartment house not only would not realize any profit to the plaintiffs, but, on the contrary, would be in their hands, as it had been in his, a losing venture.

[2] ID.—RESCISSION FOR FRAUD—INABILITY TO PLACE DEFENDANT IN STATU QUO—EQUITY.—While it is true that a court of equity will not, as a general rule, decree a rescission of an executed contract unless the party desirous of effecting such rescission is able to place the defendant *in statu quo,* this rule is not without exception. Where such decree is sought upon the ground of fraud, and, because of peculiar complications or circumstances, it would be manifestly unjust and inequitable or impossible to apply such a rule, the court in the exercise of its broad powers as ·a court of equity, and not having any special solicitude for the party enmeshed in the web he has spun for others, may decree rescission, notwithstanding such party may not be placed exactly *in statu quo.*

[3] ID.—RESCISSION OF CONTRACT—ASSIGNMENT OF LEASE—CONSENT OF OWNER—FINDING.—A contention that the plaintiffs could not rescind the contract of exchange of properties without the consent of the owner ·of the apartment house, which consent is not shown in the findings, is without merit, where there is no showing that the lease contained a covenant against assignment and, as found by the trial court, the plaintiffs did tender and offer to the defendant the· lease in question, together with an assignment thereof.

[4] ID.—FINDINGS OUTSIDE ISSUES—JUDGMENT.—The action of the trial court in going outside the issues in its findings is immaterial, in so far as the integrity of the resultant judgment is concerned, where the judgment is amply supported by other findings against which such criticism may not be made.

[5] ID.—SINGLE MATERIAL MISSTATEMENT—WHEN GROUND FOR RESCISSION.—A single material misstatement, knowingly made with intent to influence another into entering into a contract, will, if believed and relied on by that other, afford as complete ground for rescission as if it has been accompanied by a multitude of other false representations.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

2. Duty to place other party *in statu quo* on rescission of contract, note, 30 L. R. A. 44.

John E. Daly and James H. Daly for Appellant.

Percy Hight for Respondents.

BARDIN, J., *pro tem.*—The appeal is from the judgment. The record before us for review consists of the judgment-roll alone. Plaintiffs had judgment for the cancellation of a deed and a promissory note, together with other equitable relief, upon the alleged fraud of the defendant.

The facts, as they appear in the pleadings and findings, may be stated to be substantially as follows: In November, 1914, James F. Spencer and his wife, Minnie, were the owners of a residence lot and dwelling thereon situate in the city of Pomona, California, of the value of four thousand three hundred dollars, which property was subject to a mortgage in the sum of three hundred dollars. The defendant, at the same time, was in the possession of and conducting an apartment house at Long Beach, California, held by him as lessee under a lease running for the term of five years from March 22, 1913, at the rental of four hundred dollars per month. The furniture in the apartment house belonged to the defendant but had been mortgaged to defendant's lessor to secure the payment of rent for the full term of defendant's lease.

Under the condition of ownership stated, an exchange of properties of the respective parties was made whereby a deed to the Pomona property passed to the defendant, subject to the outstanding mortgage, and in addition thereto all of the plaintiffs executed and delivered to defendant their promissory note in the sum of eight hundred dollars secured to be paid by a second mortgage on the furniture in the apartment house. The defendant caused his landlord to cancel defendant's lease referred to and to execute a new lease of the apartment house for the unexpired term of the lease held by defendant wherein the plaintiffs Spencer were named as lessees, and which provided for the payment of the same monthly rent that the defendant had been obligated to pay, and which rent was secured to be paid by a first mortgage on the furniture in the apartment house, which furniture had been transferred as a part of the same transaction, to the plaintiffs Spencer.

In the course of a few weeks it was discovered that the plaintiffs Spencer had been induced to part with their property by reason of the fraudulent representations, inducements, and concealments of the defendant and under such circumstances as would warrant the exercise of every power a court of equity possesses to restore to the parties against whom the wrong had been committed the property that had been taken from them, and to place them as near as may be *in statu quo.*

The plaintiffs Spencer made timely and expeditious offer of rescission upon discovery of the fraud that had been perpetrated against them, accompanying such offer with a tender of everything of value they had received from defendant.

Among the representations made by the defendant which the court found to be fraudulent and untrue, and made for the purpose of deceiving the plaintiffs and of inducing them to make the exchange of properties and enter into the obligations referred to, was that the monthly income from the apartment house for more than one year immediately preceding the time of the exchange of properties had each month exceeded the sum of four hundred dollars, and that the defendant had realized a clear profit averaging $185 per month for the preceding year. The defendant knew before the exchange was consummated that he was taking in exchange for his unprofitable apartment house business all the property the plaintiffs Spencer possessed, and that they would be compelled to meet the accruing rents solely from moneys to be derived from the apartment house business they were embarking upon.

[1] At the time the offer of rescission was made, these plaintiffs were in arrears in rent in the sum of $507, which had accrued after the inception of their tenancy and unpaid through no fault of any of the plaintiffs, but solely by reason of the insufficiency of the income from the apartments to produce the necessary funds for the payment of the monthly rent.

The defendant makes the point that the judgment of rescission is not supported by the findings, for the reason that there was not tendered to him this $507 deficit in rent. But such claim is without merit. Not only did the defendant fail to make any objection as to the form or the particulars of the tender, "but absolutely refused to acquiesce in the

rescinding of said transaction." (Civ Code, sec. 1691, subd. 2.) Furtherfore, defendant knew at the time of the exchange of properties that the apartment house not only would not realize any profit to the Spencers, but on the contrary, would be in their hands, as it had been in his, a losing venture. Defendant knew, too, that the old people whom he had so grossly imposed upon would be compelled to pay the monthly rent out of the rentals they were to receive. Had the defendant remained in possession, he would have suffered a loss in all probability at least equal to the deficit recited.

[2] While it is true that a court of equity will not, as a general rule, decree a rescission of an executed contract unless the party desirous of effecting such rescission is able to place the defendant *in statu quo,* yet this rule is not without exception. And where such decree is sought upon the ground of fraud, and, because of peculiar complications or circumstances, it would be manifestly unjust and inequitable or impossible to apply such a rule, the court in the exercise of its broad powers of a court of equity, and not having any special solicitude for the party enmeshed in the web he has spun for others, may decree rescission, notwithstanding such party may not be placed exactly *in statu quo.* (9 Corpus Juris, 1210; *Richards* v. *Farmers' etc. Bank,* 7 Cal. App. 387, [94 Pac. 393].) In the case of *Green* v. *Duvergey,* 146 Cal. 379, 389, [80 Pac. 234, 238], the court said: "It is not an invariable rule that the rescission of a contract obtained by fraud will be denied merely upon the ground that the parties cannot be placed *in statu quo.* If equity can still be done between the parties, courts will grant relief to the defrauded party."

[3] There is no merit in the contention that the respondents could not rescind the contract of exchange of properties without the consent of the owner of the apartment house, which consent is not shown in the findings. There is no showing that the lease contained a covenant against assignment. The finding of the court upon this subject is: "and the plaintiff did then and there tender and offer to the defendant, the said lease, together with an assignment thereof, executed by the plaintiffs, James F. Spencer and Minnie Spencer." The assignment of the lease would operate to

restore the defendant to the same position, with regard to the use of the premises, he had previously occupied.

[4] Assuming that it is true as claimed by appellant that the court went outside the issues in its findings relative to the execution of the lease referred to from the owner of the apartment house, yet such is of no grave moment as far as the integrity of the resultant judgment is concerned, for we find the judgment to be amply supported by other findings against which such criticism may not be made.

As stated in *Davis* v. *Butler,* 154 Cal. 623–626, [98 Pac. 1047, 1048]: [5] "A single material misstatement, knowingly made with intent to influence another into entering into a contract, will, if believed and relied on by that other, afford as complete ground for rescission as if it had been accompanied by a multitude of other false representations."

The judgment is affirmed.

Richards, J., and Waste, P. J., concurred.