[Civ. No. 60. Fourth Appellate District.—November 18, 1929.]

APPLIANCE COMPANY (a Corporation), Respondent, v. JOSEPH C. KELLEY, Defendant; TONY BERARDINO et al., Appellants.

E. F. DuFresne for Appellants.

Tompkins & Clark and John A. Hewicker for Respondent.

MARKS, J.—Plaintiff filed its action in the Superior Court against defendants to recover a balance due it under a contract to install an ¹ice-box and display case and refrigerating machinery and equipment in a store being erected by the defendant, Joseph C. Kelley, as contractor, for the defendants and appellants, Tony Berardino and Rose Berardino, as owners. Appellants filed their cross-complaint against their co-defendant asking for damages, but it was stipulated by all parties at the trial that upon his deposit of $549 in court no judgment would be taken against him. Respondent recovered judgment against appellants in the sum of $549.

Appellants' sole ground upon which they ask a reversal of the judgment is that the following findings of the trial court are not supported by the evidence:

"1—Plaintiff was and is at all times mentioned in the amended complaint, a corporation duly organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business at the city of San Diego, State of California.

"6—By reason of the acts and conduct on the part of the defendants, Tony Berardino and Rose Berardino, and by reason of their refusal to allow plaintiff to install said unit and coils after said adjustment had been made that the defendants, Tony Berardino and Rose Berardino, acted in bad faith.

"7—The amount due, owing and unpaid from the defendants, Tony Berardino and Rose Berardino, to the plaintiff herein, is the sum of Five Hundred Forty-nine Dollars ($549.00)."

Appellants abandoned their contention that the finding of the corporate existence of appellant was not supported by the evidence when it was pointed out to them that at the trial they had amended their pleadings and alleged such corporate existence.

The law is well settled in this state that if there is any material evidence in the record supporting the findings of the trial court, they will not be disturbed on appeal.

In this case there is competent evidence of the following facts: That in September, 1925, the written order for the refrigerating equipment was placed with respondent; that at that time it was contemplated that the refrigeration would be furnished for a delicatessen store which did not require the maintaining of as low a temperature for successful refrigeration as a meat market; that in December, 1925, appellants decided to rent their store for a meat market and the original contract with respondent was modified at that time, after part of the equipment had been designed by it; that installation of the equipment was completed on December 21, 1925, and the meat market opened for business on December 26, 1925; that the refrigeration of the display case was accomplished by a series of pipes in which a cooling liquid was circulated, the lower pipes furnishing the cold and the upper pipes returning the liquid to the pumping machinery; that the tenant operating the meat market desired the pipes in the case lowered, which was done to satisfy him and which reduced the level of the cold zone in the case; that the refrigeration in the case was not satisfactory, and respondent frequently sent its men to the market to make changes and repairs; that at times they found the water shut off from the building and the refrigeration plant shut down; that at other times they were not permitted by appellants or their tenant to work on the machine at all; that respondent always responded to a request to service the plant when a complaint was received; that in February, 1926, respondent, with the consent and at the request of appellants and their tenant, took the pipes and coils from the case to their factory to change the grade of the pipes and thus increase the flow of the cooling liquid through the plant thereby reducing the temperature in the case; that appellants refused to permit respondent to re-install the pipes and coils and refused to pay the balance of respondent's bill of $549, although they retained a large ice-box built by respondent, the display case furnished by it and all of the refrigerating plant except perhaps that portion removed from the case for change at the factory; that had the pipes and coils been re-installed, the plant would have worked satisfactorily and kept the temperature of the case at a point sufficiently low

to preserve meats; that the ice-box, which was satisfactory to appellants, was of the value of $600 and the display case and refrigerating plant of the value of $549.

The undisputed evidence showed that the total contract price which appellants agreed to pay respondent for the refrigerating equipment, ice-box and display case was $1149, of which sum $600 had been paid to respondent, leaving a balance of $549 unpaid. If respondent was entitled to recover any judgment at all it was entitled to the last-named sum.

We believe that this evidence is sufficient to support the findings of the court, which are not attacked by appellants, that the respondent installed the ice-box and display case and the mechanical refrigerating equipment to cool the display case, and was prevented from finally perfecting the refrigerating plant by appellants. Part of the failure of the refrigerating plant to cool the display case between December 26, 1925, and the time the coils and pipes were taken out by respondent must be charged to appellants' refusal to permit respondent's workmen to make changes and adjustments in the plant and the fact that it was shut down and the water turned off at different times. Respondent was willing at all times to do its best to make the plant satisfactory, and its expert testimony to the effect that the final changes in the coils and pipes would do so was not disputed and must be accepted as true (*Boomer* v. *Southern Cal. Edison Co.,* 91 Cal. App. 375 [267 Pac. 178]).

That portion of the findings of the trial court which imputes bad faith to appellants is not material to the issue. Respondent brought its action for a balance due under a contract and appellants defended upon the ground of total or partial failure of consideration, and whether they acted in bad faith is of no great importance, except, perhaps, in weighing their testimony. This finding can be entirely disregarded (*Spencer* v. *Deems,* 43 Cal. App. 601 [185 Pac. 671]). There are other findings of the court that support the judgment and are supported by the evidence. They must control (*Hill* v. *Clark,* 7 Cal. App. 609 [95 Pac. 382]).

Appellants are asking to have the courts relieve them from the obligations of their contract while they are in possession of all or a considerable part of the consideration

which they received from respondent, without any offer to restore the same. This we cannot do (sec. 1691, Civ. Code). Upon the rescission of a contract the parties should be restored to their former positions as nearly as possible as the same existed when it was made (*Gaume* v. *Sheets*, 181 Cal. 119 [183 Pac. 535]). They must surrender or offer to surrender any consideration received in the transaction (*List* v. *Moore*, 20 Cal. App. 616 [129 Pac. 962]).

This case was appealed under the alternative method. The opening brief of appellants does not contain a single line of testimony or a single reference to the transcript. Their reply brief does not set forth any of the evidence, but does contain a few references to the transcript by line and page. Attorneys must prepare their appeals according to law and the rules of court. Their failure to do so unnecessarily places too great a burden upon this court.

Judgment affirmed.

Sloane, P. J., and Barnard, J., concurred.