[Civ. No. 446. Fourth Appellate District.—June 22, 1931.]

ELIZA ROBINSON, Respondent, v. COUNTY OF SAN DIEGO, Appellant.

Stephen Connell, District Attorney, and E. S. Lovett, Deputy District Attorney, for Appellant.

A. L. Hubbell for Respondent.

GRIFFIN, J., *pro tem.*—The trial court found that since the thirtieth day of May, 1913, the plaintiff has been the owner and in possession of a tract of five acres of land in the south half of lot 7, block 156, Rancho Diablo, in San Diego County; that during the month of February, 1928, defendant caused the portion of the highway known as Lincoln Avenue between the premises owned by the plaintiff and the intersection of Fig Street and Lincoln Avenue to be graded and lowered and ditches or drains to be constructed along the sides thereof so that all the surface waters accumulated upon said Lincoln Avenue have been diverted and caused to flow through said ditches or drains on said Fig Street in a southerly direction upon the premises of plaintiff. That by reason of the diversion of the natural course of said surface waters upon the lands of plaintiff said premises have been rendered unfit for cultivation, etc.; that said premises are occupied as a home by plaintiff and the flooding of said premises renders sewage disposal on said premises impossible and that said flooding constitutes a nuisance. The decree directed that defendant be perpetually enjoined and forbidden from diverting surface waters across this particular intersection upon plaintiff's land that did not flow upon it in its natural course prior to the month of February, 1928.

It cannot be determined from the record on appeal before us whether this finding is supported by the evidence. As appellant admits in his brief, which we find to be well founded, "the case was tried almost entirely by reference to the map (defendant's exhibit A). Some of the witnesses were quite deaf and some spoke broken English and all testified by pointing to the map". The map which is before us does not show the property involved by any description or reference, or name the streets or designate any points referred to by the witnesses. Consequently we will be compelled to assume that the trial court heard the evidence, and saw where the witnessses were pointing. The record shows that the court viewed the premises and after such view found the existence of facts which entitled the court to make the findings that it did. The record is unintelligible and the burden of proving error being on appellant the error must be shown by the record (*Ellerhorst* v. *Blankman,* 102 Cal. App.

133 [282 Pac. 507]; *Etienne* v. *Kendall*, 202 Cal. 251 [259 Pac. 752]; *Appliance Co.* v. *Kelley*, 102 Cal. App. 67 [282 Pac. 518]). The record herein fails to show error.

 The only question remaining is whether the findings support the judgment. The question involved was, "May the county in repairing highways be enjoined from the diversion of surface water from its natural course to another course resulting in a damage to the adjoining property owner where such diversion is the result of grading or changing the grade of a street or the grading of ditches therein?" In support of their contention appellants cite several authorities: Elliott on Roads and Streets, section 556, at page 465; *Los Angeles Cem. Assn.* v. *City of Los Angeles*, 103 Cal. 461, at page 466 [37 Pac. 375]; *Genazzi* v. *County of Marin*, 88 Cal. App. 545, at page 547 [263 Pac. 825], and in particular 29 Corpus Juris (title, Highways), section 319, page 590, reading as follows:

"The proper authorities have power to provide for the drainage of surface water from highways, and to build ditches and culverts, such power being incident to the power to lay out, build and repair highways. . . . This discretion cannot be controlled by a court except in case of fraud or bad faith or the invasion of some private right of a citizen. . . . For the purpose of improving the drainage, highway officers may commonly divert surface water onto the land of an abutting owner . . . in the manner and after the preliminaries provided by statute, where suitable drainage cannot be otherwise provided."

In *Galbreath* v. *Hopkins*, 159 Cal. 297, 302 [113 Pac. 174, 176], it was held: "Where water is thereby caused to flow upon the land of another which would not naturally flow thereon, this is an invasion of and injury to his right of property and a nuisance *per se,* the continuance or maintenance of which he has the right to have enjoined."

In *Stanford* v. *San Francisco*, 111 Cal. 198 [43 Pac. 605, 608], it was likewise held (quoting from *Seifert* v. *Brooklyn,* 101 N. Y. 136, at page 142 [54 Am. Rep. 664, 4 N. E. 321]) that: "Municipal corporations have quite invariably been held liable for damages occasioned by acts resulting in the creation of public or private nuisances or for an unlawful entry upon the premises of another, whereby injury to his property has been occasioned. In *Baltimore etc. R. R. Co.*

v. *Fifth Baptist Church,* 108 U. S. 317 [27 L. Ed. 739, 2 Sup. Ct. Rep. 719, see, also, Rose's U. S. Notes], this principle has been uniformly applied to the act of such corporation in constructing streets, sewers, drains and gutters, whereby the surface water of a large territory *which did not naturally flow in that direction* was gathered into a body and thus precipitated upon the premises of an individual, occasioning damage thereto.''

■ Where a wrongful artificial change results in an increased, accelerated or concentrated flow of surface water upon and across one's land the remedy is by an appropriate action against the wrongdoer to enjoin the change or to have the nuisance abated (26 Cal. Jur. 502, p. 289; *Thompson* v. *La Fetra,* 180 Cal. 771, at 773 [183 Pac. 152]).

■ It is also contended that the court failed to find any negligence on the part of the county. All of the probative facts being found, negligence, if shown thereby, as is the case here, need not be expressly found as an ultimate fact (*Stanford* v. *San Francisco, supra*). We believe the finding of the trial court supports the judgment.

The judgment of the lower court is affirmed.

Barnard, P. J., and Marks, J., concurred.