[Civ. No. 3436. Fourth Dist. Oct. 1, 1946.]

E. A. B. SMITH et al., Appellants, v. JAMES S. METZGER et al., Respondents.

Head, Wellington & Jacobs for Appellants.

L. A. West for Respondents.

GRIFFIN, J.—Appellants, who are plaintiffs and cross-defendants, instituted this action to abate a nuisance, i. e. a large garage, set on 1-inch by 12-inch planks, which was located

partially over the dividing line between the properties of plaintiffs and defendants. Respondents, who are defendants and cross-complainants, by their cross-complaint, sought damages for false representations as to the location of the dividing line when they purchased their property from plaintiffs.

Originally, appellants, hereinafter referred to as plaintiffs, owned approximately 1½ acres of land which they subdivided, and out of which they sold lots of various dimensions described by metes and bounds. Included in this subdivided acreage were two contiguous parcels of residential property with a frontage of 111.63 feet, facing north on Eighth Street in Santa Ana. Plaintiffs listed for sale with a real estate broker named Hill (now deceased) the westerly 54 feet of the two contiguous parcels, which had a depth of 130 feet, later increased to 145 feet.

On June 30, 1942, defendant Metzger, a real estate broker, came to plaintiffs' residence with Hill to negotiate for the purchase of the listed property. An agreement of purchase was reached and placed in escrow. The deed described the property with a frontage on Eighth Street of 54.13 feet, and a depth of 170 feet, reserving 25 feet for road purposes.

Plaintiffs testified that about a week after consummation of the sale they notified defendants to remove the garage. It was originally on the Smith acreage but was moved to its present position on the Metzger property by plaintiffs prior to the sale. It now encroaches on the Smith property 24 to 30 inches with an additional eave overhang of approximately 16 inches. Defendants claim that such notice was received about two months after the sale.

Mr. Metzger testified that plaintiff Jule B. Smith told him that the lot listed for sale was approximately 54 feet wide; that during the negotiations they, together with Mr. Hill, went to the southeast corner of the lot and that Mrs. Smith pointed out an imaginary line constituting the easterly boundary line of defendants' property, which line was in fact about 5 or 6 feet east of the actual boundary line as disclosed by the description in the deed; that he (Metzger) did not know where the boundary line was or would be; that he asked her how far to the east of the garage the line would be and that she drew an imaginary line one-half way between the two properties and about 2½ or 3 feet east of the east end of the garage; that the depth of the lot was 145 feet and that there is no

controversy as to the point fixed on the south line of it; and that he made no survey of the property.

Jule Smith denied these facts generally and testified that she went with Metzger and Hill to the place indicated and that Metzger showed her "how much depth he wanted," but that she did not "recall that the width of the lot was ever mentioned"; that Metzger stated to her that he had "stepped the lot and that he could measure within a few inches by stepping it." Metzger denied this.

Evidence was taken at the trial by claimed expert real estate appraisers. One testified that the value of the property as of June 30, 1942, was from $2,800 to $2,900, if the line was as indicated in the survey made in accordance with the description of the property in the deed, and was $4,500 if the line was in accordance with the imaginary line pointed out by Mrs. Smith.

At the suggestion of the parties the trial judge, at the conclusion of the case, viewed the premises and stated:

"I have gone out to the property and have viewed it and have made measurements myself of the property, and I have walked completely around it to the South and by the side and measured from the fence to the garage and east from the garage and the width between the driveway and the fence, and viewed it from the fence out to the pergola and pillars and the foundation of the garage and the structures of the garage, and the only thing I am interested in if you have any law you want to cite."

The court found that the garage was wholly within the lines of the premises as pointed out by plaintiffs to be the lines of the property they would convey to defendants if the sale was consummated but that the garage extended approximately $2\frac{1}{2}$ feet over the east line of the property actually conveyed and that it now encroaches upon the premises of plaintiffs; that plaintiffs falsely represented to defendants that the east line of the property they were endeavoring to sell to defendants was $2\frac{1}{2}$ feet east of the east end of the garage located thereon; that defendants did not know the dividing line, as actually conveyed, but that plaintiffs did, and that such false representations were made for the purpose of deceiving defendants; that if defendants had known the truth of such false representations they would not have purchased the property; that in the deed to defendants no reservations, restrictions or exceptions were made; that the east line of the premises, as

conveyed, was 5 feet west of the line pointed out by plaintiffs as the true line; that on August 15, 1943, plaintiffs constructed a fence several feet high running north and south along the east line now claimed by them, thereby shutting off the easterly stall of the garage, which space was required for the parking of defendants' automobile, and thereby took 5 feet off of the lot which defendants thought they owned; that plaintiffs cut down and removed a valuable plum tree growing in the 5-foot space in dispute.

The court then found that by reason of the false representations defendants had been damaged in the sum of $468, and rendered judgment on the cross-complaint accordingly. Since defendants sought damages only and not rescission or other remedies, it further ordered defendants to remove that portion of the garage standing on the property of plaintiffs.

Plaintiffs recognize the general rule in respect to conflict of evidence, but now argue that the testimony of defendant James Metzger is inherently improbable because his testimony as to his own actions, experience and the circumstances related, is such as to put him upon inquiry, and he could not, therefore, claim a legal right to rely upon any alleged misrepresentations made by plaintiffs.

They concede the general rule that a purchaser is entitled to rely on the representations of the seller as to boundaries, as the vendor in dealing with other persons is presumed to know the area and boundaries of his own land, and that the purchaser is under no duty to make an independent investigation unless the circumstances are such as to put him upon inquiry, citing 25 California Jurisprudence 550, section 72.

Even though Metzger was a real estate agent or broker, the question whether he made an independent investigation of his own or was called upon so to do under the facts of the instant case was a factual question for the trial court to determine. It would appear, in support of the court's finding, that plaintiffs must have known, or should have known, at the time of the sale, whether the garage was then located over the actual boundary line of the property conveyed. If they had this knowledge and then, knowing that fact, falsely represented that the line was several feet east of the garage, surely such a representation would be a material one. A prospective purchaser, observing the garage in the position in which this one was located at that time, would not, without some independent investigation, be led to believe that the boundary line ran through a portion of the garage.

■ The evidence seems clear that a misrepresentation was made as to the location of the boundary line and that defendants believed those representations and relied solely on the ostensible appearances and the statement of the plaintiffs. The trial judge viewed the premises and made his own observations of the physical facts. This may be taken into consideration in determining the issues of the case. (*Robinson* v. *County of San Diego,* 115 Cal.App. 153 [300 P. 971]; *Hatton* v. *Gregg,* 4 Cal.App. 537 [88 P. 592].)

■ The evidence fully supports the award of damages for such misrepresentation. The judgment, as entered, does not appear to be unjust or lacking in evidentiary support.

Judgment affirmed.

Barnard, P. J., concurred.