[Civ. No. 8767.    Third Dist.    May 24, 1956.]

AMIL DWYER, Plaintiff and Respondent, v. LANAN AND SNOW LUMBER COMPANY et al., Defendants; CHARLES W. LANNIN, Appellant; ARGONAUT INSURANCE EXCHANGE, Intervener and Respondent.

James A. Ersted for Appellant.

Lange & Rockwell for Plaintiff and Respondent.

Partridge, O'Connell & Whitney for Intervener and Respondent.

PEEK, J.—Defendant Charles W. Lannin, sued as Doe Lanan, alone appeals from a judgment in favor of plaintiff

Dwyer and plaintiff in intervention Argonaut Insurance Exchange in an action for personal injuries.

Plaintiff alleged he was seriously injured when defendants negligently and carelessly permitted a steel cable to fall across a county road in Mendocino County, with the result that the truck he was operating collided with the cable. Lannin and Snow Company, sued as Lanan and Snow Lumber Company, answered denying generally plaintiff's allegation and affirmatively alleging that the injuries were the result of plaintiff's contributory negligence. Lannin, by separate defense, alleged that he was merely an employee of the lumber company and hence was neither personally responsible nor liable for plaintiff's alleged injuries. On the issues so joined the cause proceeded to trial before the court sitting without a jury and resulted in the judgment previously mentioned.

The record shows that at the time of the accident, the company was the sublessee of certain land on which was located an operating sawmill owned by the defendant Snow. He likewise was the owner and in possession of the land immediately across the county road from the sawmill. Lannin and one Sullivan had hired Snow as manager of the mill operation. These three were the actual operators of the mill and its business. In connection with the operation of the mill there was the usual highline which in this case was attached to a backline, one end of which extended across the road and was secured to a tree located on the Snow property. The other end was secured to a redwood stump on the leased premises. Snow knew the location and condition of the backline and the possibility that it might fall as it had previously, but he took no action to remedy the situation. However, he did inform Lannin, who was the acting president of the company, of the condition of the line, but he likewise failed to take any precaution. The block by which the line was attached to the tree was old, having been purchased second-hand and had not been inspected since its purchase. Furthermore, there was no safety factor to prevent the cable from falling on the road in case of accident. On the date of the accident, plaintiff was driving his logging truck along said road. As he approached the point where the backline crossed the same, one of the blocks holding the line broke, allowing the cable to fall across the hood of his truck in such a fashion that he was pinned in the driver's cab and suffered serious injuries. Following the accident, the line was changed so that it did not cross the road.

Some time prior to the date of the accident, articles of incorporation of Lannin and Snow Company were filed with the Secretary of State. Several directors were named, among whom were Lannin and Snow. Nothing further appears to have been done to complete the incorporation; that is, no permit to issue stock was ever granted and no stock was ever issued.

The evidence introduced by plaintiff, although not as sufficient as it might well be, cannot be said to be insufficient to support the findings of the trial court holding Lannin individually liable. The record shows activities of a small corporation under the direct management and control of three individuals—Lannin, Sullivan and Snow, at least two of whom (Lannin and Snow), knew of the backline and of its condition.

Appellant's attack is directed first at certain findings which he contends are not supported by the evidence, and secondly at the failure of the court to find upon the issues of negligence and contributory negligence which he contends was prejudicial error. Since only Lannin appeals, we will concern ourselves solely with the findings as they relate to him. The court specifically found that the mill was being operated under a sublease by the Lannin and Snow Company; that the individuals, Lannin, Snow and Sullivan, were the actual operators of the mill and of its business; that Lannin was the president of the corporation; that Snow, who had been hired as manager, was concerned that the backline might fall across the county road as it had previously; that Snow informed Lannin that the line should not cross the road; that the block was purchased secondhand and had not been internally inspected since its installation; that it was not unusual for a highline to break; and that there was no safety factor to prevent the line, if broken, from falling across the road as it did. In other words a dangerous instrumentality was knowingly being used under circumstances likely to produce injury. (*Been* v. *Lummus Co.*, 76 Cal.App.2d 288 [173 P.2d 34].)

■ It cannot be denied that negligence is shown by the probative facts so found by the trial court. It has long been the rule that under such circumstances negligence "need not be expressly found as an ultimate fact." (*Stanford* v. *San Francisco*, 111 Cal. 198, 205 [43 P. 605]; see also *McCray* v. *Burr*, 125 Cal. 636, 638 [58 P. 203], and *Robinson* v. *County of San Diego*, 115 Cal.App. 153, 156 [300 P. 971].)

We likewise find no merit in appellant's contention that the trial court erred in failing to find upon the issue of contributory negligence. Here the record is wholly devoid of any evidence upon which the trial court could have found that plaintiff was guilty of contributory negligence. As the court held in *Stone* v. *Lobsien,* 112 Cal.App.2d 750, 758 [247 P.2d 357], if a finding had been made on this issue, it would necessarily have been adverse. This being so, it was not error to fail to find on this issue.

Whether or not the corporation was qualified to do business as such would be immaterial as regards the question of the individual liability of Lannin. If he was acting in his individual capacity, of course there could be no question. But, even assuming the corporation was qualified, he could not thereby escape all liability since he, as a director and an officer, would be equally liable with the corporation for its torts in which he participated. (13 Cal.Jur.2d, § 353, p. 125; see also *Thomsen* v. *Culver City Motor Co., Inc.,* 4 Cal. App.2d 639, 644 [41 P.2d 597]; *Mears* v. *Crocker First Nat. Bank,* 84 Cal.App.2d 637, 643 [191 P.2d 501].)

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.