Andrew M. SANFORD and Olivia M. Sanford, Plaintiffs-Appellants,

v.

KOBEY BROTHERS CONSTRUCTION CORP., a Colorado corporation, and Harris Kobey, Defendants-Appellees.

No. 81CA0873.

Colorado Court of Appeals, Div. II.

Sept. 6, 1984.

George Alan Holley & Assoc., P.C., Dennis B. Polk, Golden, for plaintiffs-appellants.

Gorsuch, Kirgis, Campbell, Walker & Grover, James A. Jablonski, Denver, for defendants-appellees.

BERMAN, Judge.

Plaintiffs, Andrew M. and Olivia M. Sanford, appeal the judgment of the trial court holding defendant Kobey Brothers Construction Corp. (Kobey Brothers) liable to plaintiffs in the amount of $8,905.59 and holding co-defendant Harris Kobey not jointly or severally liable. We affirm in part, reverse in part, and remand with directions.

Kobey Brothers constructed a home for the plaintiffs in the Cherry Hills North area of Englewood, Colorado. For various reasons, the foundation was incompatible with the soil, resulting in heaving and damage to the home. Plaintiffs sued both Harris Kobey and Kobey Brothers for negligent construction and breach of express and implied warranties. The trial court found no individual liability on the part of Harris Kobey, but found Kobey Brothers liable for damages arising from the negligent reduction of the "void space" between the foundation and interior basement walls, as well as from certain other work negligently performed. The trial court measured plaintiffs' damages by the cost to repair the injuries caused by the improperly reduced void space and other errors attributable to Kobey Brothers.

## I.

Plaintiffs first contend that the trial court erred in not finding Harris Kobey personally liable for his allegedly negligent acts. They argue the trial court improperly applied the doctrine of *respondeat superior* as a shield barring personal liability and *sua sponte* looked unsuccessfully for reasons to "pierce the corporate veil" instead of simply attributing to Harris Kobey personal responsibility for his negligent acts. We agree that Kobey should be held personally liable.

Neither the doctrine of *respondeat superior* nor the fiction of corporate existence bars imposition of individual liability for individual acts of negligence, even when the individual is acting in a representative capacity. *See Cafritz v. Corporation Audit Co.*, 60 F.Supp. 627 (D.C.1945); *Loonan Lumber Co. v. Wannamaker*, 81 S.D. 51, 131 N.W.2d 78 (1964). *Cf. Klockner v. Keser*, 29 Colo.App. 476, 488 P.2d 1135 (1971). Rather, a servant may be held personally liable for his individual acts of negligence, as also may an officer, director, or agent of a corporation for his or her tortious acts, regardless of the fact that the master or corporation also may be vicariously liable. *Scribner v. O'Brien, Inc.*, 169 Conn. 389, 363 A.2d 160 (1975). Thus, if Harris Kobey personally committed any negligent act, judgment should also have entered against him personally. *Dwyer v. Lanan & Snow Lumber Co.*, 141 Cal. App.2d 838, 297 P.2d 490 (1956).

The record reveals that Harris Kobey did personally commit the negligent act causing the major portion of damages attributable to Kobey Brothers. The trial court found that the reduction in size of the "void space" from the specified three inches to the improper one and one-half inches constituted negligence. Harris Kobey admitted three times on the witness stand that he personally and solely autho-

rized the reduction, and in fact did so arbitrarily. Accordingly, joint and several liability for the entire judgment should have entered against Harris Kobey. *See Davis H. Elliott Co. v. Caribbean Utilities Co.,* 513 F.2d 1176 (6th Cir.1975); *Sensale v. Applikon Dyeing & Printing Corp.,* 12 N.J.Super. 171, 79 A.2d 316 (1951).

## II.

Plaintiffs also contend that the trial court erred in measuring damages by the cost to repair the mistakes made by Kobey Brothers rather than by the resulting diminution in market value of the defective home. We disagree.

 Damages for breach of express or implied warranties in a construction contract should be measured by the cost to place the defective structure in its intended condition, unless to do so would cause unreasonable economic waste. *Campbell v. Koin,* 154 Colo. 425, 391 P.2d 365 (1964). Where a portion of the defects are economically reparable and others are not, the damages for those portions which are reparable should be measured by the cost of repair. *Summit Construction Co. v. Yeager Garden Acres, Inc.,* 28 Colo.App. 110, 470 P.2d 870 (1970).

Here, the trial court found that the damages attributable to Kobey Brothers could be repaired for $8,905.59. This finding, supported by the record, will not be disturbed on appeal. *Zwick v. Simpson,* 193 Colo. 36, 572 P.2d 133 (1977), relied upon by the plaintiffs, does not sustain their argument. Even with respect to plaintiffs' claim for negligence, *Zwick v. Simpson, supra,* states that where, as here, "the property is a recently acquired private residence," the cost of repair is the appropriate measure of damages. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

The judgment is reversed as to the exclusion of liability on the part of Harris Kobey, the cause is remanded with directions that joint and several liability for the entire amount of the judgment be entered against Harris Kobey, and the judgment is affirmed in all other respects.

KELLY and BABCOCK, JJ., concur.